UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAOLO RANUZZI DE BIANCHI, | : |
| Plaintiff, | : |
| v. | : CIVIL INDEX NO. |
| THE BOLIVARIAN REPUBLIC OF VENEZUELA, | : |
| Defendant. | : |

## COMPLAINT

Plaintiff Paolo Ranuzzi De Bianchi, by his undersigned counsel, as and for his Complaint against Defendant The Bolivarian Republic of Venezuela (the "Republic" or "Venezuela"), alleges as follows:

## NATURE OF THE ACTION

1. This is a breach of contract action arising from the failure of the Republic to make contractually-mandated payments on certain securities as described below (the "Securities"), held by Plaintiff and issued by the Republic pursuant to Fiscal Agency Agreements as described below (individually, an "FAA" and collectively, the "FAAs"). For his relief, Plaintiff seeks payment of the unpaid principal of, and the accrued and unpaid interest on the Securities held by Plaintiff, as provided for in the FAAs, under the Securities themselves and under New York law.

## THE PARTIES

2. Plaintiff Paolo Ranuzzi De Bianchi is a natural person who is a citizen of Italy and a resident of the Republic of Malta.

3. Defendant The Bolivarian Republic of Venezuela is a foreign state as defined in

28 U.S.C. § 1603.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1330(a), as the Republic is a Foreign State. The Republic has explicitly and unconditionally waived sovereign immunity with respect to actions arising out of or based on the securities issued pursuant to the FAAs, or arising out of or based on the FAAs themselves, by holders of the securities issued thereunder. As such, the Republic is not entitled to immunity under 28 U.S.C. §§ 1605-07 or under any applicable international agreement with respect to the claims asserted in this action.

5.      In addition, this Court has personal jurisdiction over the Republic because the Republic regularly conducts business in New York and the Republic consented in the FAAs to submit to the jurisdiction of this Court, in respect to actions by holders of securities issued under the FAAs, arising out of or based on such securities, or arising out of or based on the FAAs themselves.

6.      Venue is proper in this district by agreement of the parties and pursuant to 28 U.S.C. § 1391(f) as a substantial part of the events or omissions giving rise to the claims at issue arose in this District, including the non-payment on the Securities that was to occur in New York under the FAAs.

7.      The Republic, as stated in the FAAs, has appointed as its authorized agent to receive service of process the Consul General of the Republic or, in his or her absence or incapacity, any official of the Consulate of the Republic, located at 7 East 51st Street, New York, New York 10022. Alternatively, if service cannot otherwise be made, service of process will be achieved through the procedures described in 28 U.S.C. § 1608(a)(4).

## FACTUAL ALLEGATIONS

8. On or about August 6, 1998, the Republic, Banco Central de Venezuela, as official financial agent of the Republic, and BNY Mellon Global Corporate Trust (previously, The Chase Manhattan Bank), as fiscal agent, entered into an agreement referred to herein as the "1998 FAA." The parties to the 1998 FAA amended that agreement in amendments dated January 14, 2004 and September 29, 2004. The 1998 FAA and its amendments are governed by, and interpreted in accordance with, the laws of the State of New York without regard to conflicts of laws principles for all matters other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela.

9. On or about July 26, 2001, the Republic, Banco Central de Venezuela, as official financial agent of the Republic, and Deutsche Bank AG and Bankers Trust Company as fiscal agents and principal paying agents entered into an agreement referred to herein as the "2001 FAA." The parties to the 2001 FAA amended the agreement as of September 19, 2003, March 21, 2005, and December 17, 2007. The 2001 FAA and its amendments are governed by, and interpreted in accordance with, the laws of the State of New York without regard to conflicts of laws principles for all matters other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela.

10. From time to time, Venezuela has issued Securities under the terms of the FAAs. The principal amount, interest rate, payment dates, and other relevant terms are set forth in the Securities themselves and the offering documents for each series. Plaintiff's Securities (sometimes referred to as bonds or notes) represent duly issued and valid unconditional obligations of the Republic. The Securities have been issued in series identified by ISIN number.

11. Plaintiff holds beneficial interests in, and is the beneficial owner of, a substantial amount of the Securities. Specifically, Plaintiff is the beneficial owner of Securities as follows:

| ISIN No. | FAA | Maturity Date | Interest Rate | Principal Amount Held by Plaintiff |
|---|---|---|---|---|
| USP922646AT10 | 1998 FAA | 08/15/2018 | 13.625% | $2,000,000.00 |
| USP97475AD26 | 2001 FAA | 12/01/2018 | 7.000% | $2,050,000.00 |
| US922646BL74 | 1998 FAA | 01/13/2034 | 9.375% | $100,000.00 |

12.   The Securities provide that the Republic must repay principal on a series of Securities on the corresponding Maturity Date shown in the chart above.

13.   The Securities provide that the Republic must make semi-annual interest payments on a series of Securities on the dates shown in the chart below until the principal thereof is paid or fully provided for:

| ISIN No. | Scheduled Payment Dates | First Missed Interest Payment | Interest Default Date | Current Amount of Unpaid Interest on Securities Held by Plaintiff |
|---|---|---|---|---|
| USP922646AT10 | Feb. 5<br>Aug. 15 | 02/15/2018 | 03/17/2018 | $1,635,000.00 |
| USP97475AD26 | June 1<br>Dec. 1 | 12/01/2017 | 12/31/2017 | $861,000.00 |
| US922646BL74 | Jan. 13<br>July 13 | 01/13/2018 | 02/12/2018 | $56,250.00 |

14.   The scheduled semi-annual interest payment dates, first missed interest payment date, and interest default date for each series of Securities, and the amount of unpaid interest per payment date are stated in the chart above.

15.   The Republic has failed to make the following payments for each of the Securities:

| ISIN No. | Missed Scheduled Payments |
|---|---|
| USP922646AT10 | February 15, 2018; August 15, 2018; February 15, 2019; August 15, 2019; February 15, 2020; August 15, 2020; February 15, 2021; August 15, 2021; February 15, 2022; August 15, 2022; February 15, 2023; August 15, 2023. |

| ISIN No. | Missed Scheduled Payments |
|---|---|
| USP97475AD26 | December 1, 2017; June 1, 2018; December 1, 2018; June 1, 2019; December 1, 2019; June 1, 2020; December 1, 2020; June 1, 2021; December 1, 2021; June 1, 2022; December 1, 2022; June 1, 2023. |
| US922646BL74 | January 13, 2018; July 13, 2018; January 13, 2019; July 13, 2019; January 13, 2020; July 13, 2020; January 13, 2021; July 13, 2021; January 13, 2022; July 13, 2022; January 13, 2023, July 13, 2023. |

16. To date, the Republic has not paid certain principal and interest amounts due on the Securities.

17. Plaintiff, as the beneficial owner of these Securities, is authorized to bring this action.

18. Plaintiff's Securities are all outstanding under the terms of their respective FAAs.

19. The terms and conditions of the Notes provide that an "Event of Default" occurs if the Republic fails to pay the principal, interest, or other amounts due on the Securities when due, and such failure continues for a period of 30 days.

20. The terms and conditions of the Securities further provide that if an Event of Default "shall occur and be continuing" then holders of 25% or more in aggregate outstanding principal amount of the respective series may, by written demand, declare the Notes immediately due and payable, whereupon the entire unpaid principal, and accrued and unpaid interest, becomes payable forthwith (the "Acceleration Provision").

21. Beginning in November 2017, the Republic stopped making required principal repayments and/or required interest payments on each of the Notes. In each instance, the Replublic's failure to pay continued for a period of more than 30 days; indeed, the amounts remain unpaid today. Each such failure to repay principal and to pay interest constituted an Event of Default on each of the series in which Plaintiffs hold beneficial interests.

22. For certain series of the Notes, the holders of greater than 25% of the outstanding principal amounts have exercised rights under the Acceleration Provision for that series.

23. On November 8, 2018, holders of greater than 25% of the outstanding principal amount of the series designated ISIN No. US922646BL74 (which matures in January 2034) exercised the rights under the Acceleration Provision for those Securities pursuant to a written demand on the fiscal agent.

24. On November 8, 2023, Plaintiff sent a demand to the Republic at its Ministry of Finance in Caracas for payment of the amounts of unpaid principal and interest on Plaintiff's Securities at that date.

25. Despite these demands, the Republic has failed to make any payments of unpaid principal and interest on Plaintiff's Securities.

## CLAIM FOR RELIEF
### (For Breach of Contract on Plaintiffs' Securities)

26. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 25 herein.

27. The Securities are outstanding under the terms of the FAAs.

28. On November 8, 2023, Plaintiff delivered a demand to the Republic and the Fiscal Agent for the payment to Plaintiff of the overdue and unpaid principal and interest on the Securities.

29. Despite these notices, the Republic has failed to make any payments of interest on the Securities to Plaintiff.

30. By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for the amount of unpaid interest and principal, plus additional amounts of principal of, and interest on, Plaintiff's Securities as such amounts accrue,

become due, and remain unpaid by the Republic, plus interest thereon.

WHEREFORE, Plaintiff demands judgment against the Republic, as follows:

i. Awarding Plaintiff damages against the Republic in the amount of at least $6,702,250.00, plus interest. This amount includes the total principal owed to Plaintiff ($4,150,000.00), plus the total missed interest payments owed to Plaintiff ($2,552,250.00); and

ii. Awarding Plaintiff his costs, attorneys' fees, and such other further relief as this Court shall deem just and proper.

Dated: New York, New York
November 16, 2023

**DUANE MORRIS LLP**

By: *Rudolph J. DiMassa*
Name: Rudolph J. DiMassa
Email: dimassa@duanemorris.com
1540 Broadway
New York, NY 10036-4086
Telephone: +1 215 979 1506
Fax: +1 215 689 2138
*Attorneys for Plaintiff*